UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREAT LAKES CYBER ACADEMY,

      Plaintiff,

v.                                                                                    CASE No. 1:23-cv-75

                                                  HON. ROBERT J. JONKER

STRONGMIND, INC., et al.,

      Defendants.

_____/

## ORDER

Plaintiff Great Lakes Cyber Academy is a Michigan on-line charter school that contracted with defendant StrongMind in June of 2020 for curriculum and school management services. The current iteration of the contract runs, by its terms, through the end of the school year in June of 2023, but Great Lakes says StrongMind unjustifiably terminated the agreement and cut off all services by January 15, 2023. In addition, Great Lakes says StrongMind is refusing to honor contractual transition obligations that would allow a new provider to step in and assume the role StrongMind had been filing.

Great Lakes filed suit in Ingham County Circuit Court on January 18, seeking a TRO and Preliminary Injunction requiring StrongMind to honor its transition obligations. Without that relief, Great Lakes says it cannot operate as a functional school, leaving students and parents hanging. The State Court did not enter the requested TRO but did set a show cause hearing in State Court for Monday, January 23, 2023. StrongMind removed the case to this Court on January

20, and Great Lakes renewed its request for emergent relief with a filing in this Court shortly thereafter.  (ECF No. 5).

Defendant has not yet responded to the allegations of the Complaint or the particulars of the pending motion for emergent relief, so the Court has only the Great Lakes view of the case so far.  From a review of the papers, it appears to the Court that the overall dispute goes back at least to June of 2022 when it first appeared that StrongMind might have a contractual obligation to pay Great Lakes a million dollars, or more, for failure to meet enrollment guarantees.  By mid-November of 2022, StrongMind indicated it would not renew the existing agreement beyond the end of the June 2023 school year.  And then by the end of November, StrongMind said it would not provide services beyond January 15, 2023.

Great Lakes says all this violated multiple provisions of the contract, and it undoubtedly intends to pursue all available claims. But Great Lakes nevertheless secured an alternative provider—Pearson--to step into the breach and keep the school operating, provided Pearson could get access to a series of operational files that Great Lakes says StrongMind is obligated to provide under Section 7.7 of the contract.  StrongMind has refused to provide these files, at least on terms acceptable to Great Lakes and Pearson, and so the Great Lakes request for emergent relief is that the Court enter a preliminary injunction requiring StrongMind to provide the files.

Some, but not all, of the Great Lakes allegations are supported by sworn statements.  In addition, a review of the contract terms itself definitely supports the claim that StrongMind has obligations under Section 7.7 to provide an orderly transition to Great Lakes and Pearson.  And it is clear the parties have been exchanging correspondence on disputed details, including what particular files are, or are not, within the scope of the Section 7.7 transitional obligations.  Assuming both sides have a common interest to serve the student body, that is

essential because regardless of whether this Court ultimately concludes that emergent relief is appropriate, the only thing that will actually get the school up and running for the students any time soon will depend on cooperation between Great Lakes and StrongMind.

The parties can and should continue their dialogue and work toward a solution that gets the school functional for students as soon as possible and reserve the parties' economic disputes for later litigation. If they are unable to do that and the Court has to resolve the emergent issues, it will obviously do so. The following deadlines will apply until further order of the Court:

1. StrongMind shall file an answer to the Complaint not later than January 27, 2023. The Court is imposing the obligation regardless of whether StrongMind also chooses to present a Rule 12 defense, which it may do within the time ordinarily allowed by Rule.

2. StrongMind shall file a response to the Great Lakes Motion for emergent relief (ECF No. 5) not later than January 27, 2023. This is no longer an ex parte TRO situation under Rule 65(b) because StrongMind has appeared. The Court will treat the Motion as one seeking a preliminary injunction.

3. The Court will schedule a hearing, if necessary, after reviewing the briefing.


**IT IS SO ORDERED.**


Dated:  <u>January 20, 2023</u>                    <u>            /s/            </u>
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE